INVERSIONES v. Del Monte May it please the Court. Good morning. Good morning, Your Honor. Alvin Lindsay on behalf of the appellant IMPROSTA. This is an appeal from two orders by Judge Moreno dismissing IMPROSTA's petition to vacate an arbitral award that IMPROSTA had filed in state court and then denying IMPROSTA's motion to remand. Three points I'd like to make today. Point one, there was no jurisdiction at the time of removal and the case should have been dismissed or remanded. Point two, even if there had been Article III jurisdiction, which it wasn't, it was an error for the court below to deny IMPROSTA the right to assert the specific grounds for vacating an arbitral decision found in Section N of the FAA for over 70 years. Three, time permitting, I'll address the point that the court should not have applied the federal rules of civil procedure to find service improper. The petition was filed in state court and was filed correctly under state law. Your Honor, there's a theme here and that is that a plain reading of the Federal Arbitration Act as well as the plain text of the New York Convention leads to the correct result. Failing to read the plain text and follow the plan of the convention leads to error. As to point one, federal courts are courts of limited jurisdiction. They possess only that power authorized by statute or Constitution and as the Supreme Court has held, we must carefully guard against expansion by judicial interpretation. In fact, there's a presumption that all doubts, all uncertainties are resolved in favor of remand. Here, there are two non-adverse parties. There's no federal question. Why wasn't the jurisdiction under Section 203 of Title IX? The language reads as follows. It says, an action or proceeding following under the convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States shall have original jurisdiction over such an action or proceeding regardless of the amount in controversy. Here, you have an action to vacate. Why doesn't that fall under the convention, the New York Convention and specifically under Chapter 2? Are there only two actions or proceedings under the New York Convention? Actions to compel arbitration and actions to confirm an arbitral award. This court has specifically held Section 203. Section 203 says only actions and proceedings under the convention provide jurisdiction and there are only two of those, as this court has held, in the people's decision. Isn't the removal also an action or proceeding under the convention? Your Honor, no, it's not. I mean, the removal provision says where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the convention, the defendant may remove the action. Once it removes, the relate to is rather broad. It seems expansive. It does seem expansive, but it is not the right statute. That is 205 and the title of that is removal from state courts and I think this is a main problem that so many of the courts have come across, is that they assume 205 is a jurisdictional grant and it's not, Your Honor, because Congress granted just two short paragraphs above. Congress was very specific in granting jurisdiction under 203 only for actions or proceedings and a vacant or action is not one of those. This is, again, in Gaciosus, Peoples, Navarrete, Gonzalez, all these decisions from this circuit have found that there is only those two actions and vacater is not one of them. If you start in federal court, you're stuck. You've got those two. If you start in state court, you can remove it, though, to federal court, even though those two grounds are not applicable. Your Honor, what 205 does is it allows, and even Your Honor didn't read that little phrase that's so important in 205. It says you can remove it at any time until trial and that's what 205 does. It doesn't broaden the grant of jurisdiction set forth specifically in 203, two short paragraphs above. What it does is it broadens the time frame under 28 U.S.C. 1446, which would normally allow just 30 days. It allows removal at any time until trial, but there still must be subject matter jurisdiction, whether it be understood, but the language also says where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or an award following the convention. It seems to be rather broad. You can remove it, but you still must have subject matter jurisdiction. You must have both, and that's the problem here. What Congress was doing was allowing a longer time to remove, assuming jurisdiction under 203, diversity, other federal questions, which there's not here under the underlying cause of action. 205 is, I would say, the main cause for so many of the errors that have been done, including Judge Moreno's error in this case by muddling and albeit in an unpublished opinion that 203 confers subject matter jurisdiction over a petition to vacate a non-domestic arbitrable award, albeit there wasn't much of an analysis there, but we certainly held that and cost the celebrities, didn't we? Your Honor, yes, and that was... We got that wrong. I think the court below... You think we got that wrong. I think about the Second Circuit holding in Scandinavian reinsurance that, quote, 9 U.S.C. 203 provides federal jurisdiction over actions to confirm or vacate an arbitrable award that is governed by the convention, and then you have the Fifth Circuit with an interesting opinion in STEMCOR where they say that 203 confers jurisdiction whenever an action or relates to a covered arbitration or agreement or award, basically tracking the language of the removal provision. I'll grant you the language, and removal is not quite the same as in 203, but they sure overlap. Well, Your Honor... All of them are wrong. We were wrong in COSTA. The Second Circuit was wrong in Scandinavian, and the Fifth Circuit in STEMCOR. Isn't that the position you have to take in order to succeed in establishing the proposition the district court was without subject matter jurisdiction? It is certainly wrong, Your Honor, to base jurisdictional determination under 205. That is simply about removal and the process... No, I'm asking about 203. Well, under 203, remember, it's only actions or proceedings. The Peebles case, Peebles, by this court in 2005, the Federal Arbitration Act does not petitions to vacate... Wouldn't it be odd indeed to create a statutory framework that said you can create... You've got jurisdiction to confirm an award issued by arbitrator X, but you don't have jurisdiction to do the obverse, to vacate the award. No, Your Honor, that's... Wanted to give half a loaf, but not the whole loaf to the district court? Completely consistent with the statutory framework of the New York Convention. The drafters of the convention granted this opportunity for the courts, the so-called juridical seats, the courts where the arbitration takes place. They are sometimes referred to as the primary jurisdiction. They are the ones that get to vacate an award or so-called set aside an award pursuant to Article 5.1e of the New York Convention. It is the courts of competent jurisdiction in the home court. They're the only ones that get to vacate. And then assuming no vacater, which is usually done very quickly, the courts in the other jurisdictions, the so-called secondary jurisdictions, where around the world you're trying to confirm and collect on the award, those courts are not permitted to vacate, but they are permitted to deny confirmation based on a vacater in the home circuit. Assume with me, for the purposes of our discussion, that we go beyond the question of whether the district court had jurisdiction and we say that it did. Tell me about the vacater itself and the effect of our case law on whether you were stuck with the grounds stated in Article 5. Well, again, I think it's improper to deny the grounds for vacater. It would be just not proper. Let me sharpen my question. I'm sorry. Are we not bound by industrial risk? Whether industrial risk got it right or wrong, it squarely answers that question, does it not? Your Honor, you're not bound by industrial risk because that has been abrogated by... Okay. If we were bound by industrial risk, you agree you would have to lose on Article 5, that issue. If we were to disagree with you about the proposition that BG Group did not wholly abrogate the holding of industrial risk, you lose, right? Your Honor, that might be right, but BG says Chapter 1 applies to actions and proceedings brought under the New Convention to the extent that the chapter is not in conflict with the Convention. Remember, if you apply industrial risk, you are reading out of the Convention two very important sections, Article 5.81, which says you get to look at the jurisdictional or the juridical seat and their actions to set aside and deny confirmation based on that. And you're also reading out of existence Section 208 of Chapter 2 of the FAA, which says specifically that Chapter 1 applies unless there's a conflict. And the only way, and I could cite you to the Jakata case at the Seventh Circuit, the only way there is a conflict is if the arbitration were conducted in another country, because then all you get to do is deny confirmation. You don't get to vacate. But if there's no conflict, as here when Florida was the juridical seat, you certainly can apply Chapter 1 and the grounds for vacater set forth in Section 10, which is what we did and what we were entitled to do, I believe. So let's assume we go back to Florida law for the vacater standards. Under those circumstances, how do you prevail there? I mean, under Florida law, can you get a vacater under those circumstances? Certainly you can, Your Honor, and you should under any law. Under which provision in Florida? Under, well, if you're looking at the FAA, which tracks the Florida Arbitration Code 682, Chapter 10, Section 10 of the FAA, A2, I'm sorry, A4 is what we relied on, and that is when the arbitrators exceeded their powers. And, you know, we argued that directly, the court didn't even look at that below, because it wasn't one of the grounds for defensive confirmation. And that was unjust for an approach that could be denied. Those grounds for vacater set forth in Chapter 1 for 70 years. And there's nothing in Chapter 1 that says it only applies to vacater. It can't be that the arbitrator just got it wrong and called that an agreement. They're exceeding its powers. It's a very limited review. We get that right. And we cited cases. And one way to resolve this case would be to say, you're right, it goes back to Florida law. You know, industrial arrest is abrogated. But then look at Florida law and come out with the same conclusion. I respectfully disagree, Your Honor. I want you to explain to me why not. I think the vacater grounds that are allowed are slightly broader. It's still a high bar. There's no question. But they're slightly broader. And especially 10A4, which allows for when the arbitrators exceeded their powers. You haven't explained to me how the arbitrators exceeded their powers. Well, Your Honor, the arbitrators in this case gave a $25 million award for breach of contract action. And it was effectively a punitive. So it was based on the actual revenues as opposed to offsetting it. Exactly right. And by doing so, as one of the cases that granted vacater based on this same article, exceeding their powers, is one of the cases said that you cannot create your own brand of industrial justice. And that's what they did. And we've never had an opportunity to argue that before the court. And it really doesn't relate to this appeal. But that's the argument. It's in good faith that we have that argument. We certainly would like to make it before a Florida state court. Let me come at the question in a slightly different way. Among other things, the district judge here concluded that service of process was improper in this case. Let's assume arguendo that that's right. Then it wouldn't matter whether you could go beyond Article 5 or not, assuming as a predicate that the district court had jurisdiction, right? Your Honor. You couldn't vacate if you weren't, if there was no proper service. Only if we're going to assume that the federal rule of civil procedure of court. No, but I will get to that in a second. I'm simply trying to ask whether that wouldn't dispose of the entire issue. Obviously it would, Your Honor. So we would never have to grapple with the tension between industrial and the Supreme Court opinion and whether you could go beyond the ground stated in Article 5 or not. So let's talk then about the notice. Why wouldn't the federal rules of civil procedure apply if we otherwise begin with the premise, one, that the district court had jurisdiction, at least based on 203? So the case arises under federal law. It's removed to a federal court, which is adjudicating federal law. Why wouldn't it apply its own rules of procedure to the game? Well, I believe, Your Honor, that even under removal circumstances, you still have to look at the state service process. And this case, you know, the arbitral decision was handed down June 15th, 2016. We filed in state court the within three months. And on 7 December 12th, service was made. They received the notice, which is what's required if you're going to look at the FAA, the federal law. All that's required is a notice. And in the record, volume two at A427 through 428 is that notice. Plaintiff's counsel requested a copy of the petition. He was provided a copy of the petition. He then, I think 10 days later or shortly thereafter, removed the case from state court. So there was certainly no prejudice. And he had... Well, help me with this. Howard, even if we look to Florida's rules of procedure, rather than rule four, et cetera, of the federal rules of civil procedure, under Florida law, is it clear that you would have properly perfected service by emailing the matter to a lawyer who refused to accept service on behalf of the client? Yes, Your Honor. I mean, we have to understand this is not about kind of initial service of process. In this circumstance, in fact, article 10 of the FAA calls it a motion to vacate and requires only notice be given. And under Florida's 682... So you don't have to serve under Florida law? You have to give notice and notice that reasonably necessary to inform the other person in the ordinary court course. And that person has... So your view is under Florida law, notice is enough. You do not have to comply with the Florida rules of service like 48196, listing the requirements for service of process for corporations and proceedings commenced under their International Commercial Arbitration Act or 48031, service of original process is made by delivering a copy to the person, blah, blah, blah. None of that applies here. I mean, it's not an initial process of a new lawsuit. It is a continuation of the arbitration. And under the Florida Arbitration Code, yes, notice is what's required. And even under FAA Section 10, notice is what's required. Gotcha. They had actual notice. Thank you much. You've reserved your full time. You've been answering our questions. May it please the court. Brian Stack on behalf of the Appellee. The entire thrust of the appellant's position in this case essentially misses the mark. They quarrel with tension between the industrial risk holding and the holding in the Second Circuit with Yusuf and language in BG, the United States Supreme Court case in BG holding. But the fact of the matter is under any standard that they would like this court to apply, whether it be under the Florida Domestic Arbitration Code, the Florida International Arbitration Code, Article 5 of the Convention, or even FAA Chapter 1, Section 10, they've raised no grounds at all to overturn an arbitral award. They failed to timely file their petition and serve it as is required under Section 12 of the FAA. This court's decision in Gonsalves forecloses them from any further relief. This court's decision in Cullen forecloses them from opposing the confirmation. And Judge Moreno appropriately and correctly applied both of those cases. The complaints about the arbitral award are myriad and go to things like the arbitration panel did not give sufficient weight to a hearsay letter. The arbitration panel didn't employ and apply Florida law correctly. The arbitration panel misconstrued or misapplied the contract. But as the court is well aware, review of an arbitral award is one of the narrowest known in the law. And those grounds simply are inadequate ever to overturn an arbitration award. Misconstruing and misapplying a contract is not a ground to this Federal Arbitration Act or under Florida law, they lose. And under the convention, they lose. And that is precisely the analysis, Your Honor. Or it doesn't matter whether they go back to Florida or not. It doesn't matter because, first of all, the petition that they filed was pursuant to a Florida domestic arbitration code that even they concede has no application in this proceeding. There was a Florida international arbitration code that they article five defenses in the convention. Only when they got to the confirmation stage did the appellant say, well, now we want to raise chapter one defenses in section 10 as a ground to oppose the confirmation. And they also raised public policy defenses. But none of those make a hill of beans of difference here because all of the complaints they made were addressed by arbitration panel and rejected, raised again before Judge Moreno. And Judge Moreno looked at the arguments and said those are not sufficient grounds to overturn an arbitration award. Misapplying the contract, making evidentiary rulings, acting irrationally, arbitrarily, capriciously, or in manifest disregard of the law. Those are not even defenses anymore after the whole decision from the United States Supreme Court. They simply haven't raised anything. They quarrel and they quarrel and they quarrel with what the arbitration panel did. But they cannot demonstrate a grave error so severe that it calls into question the morality or bias or motives of the arbitration panel. This ICC arbitration panel prepared a detailed 48-page single-spaced award which construed the contract page after page of construction addressing each and every argument made by the appellant in the arbitration. And ultimately, the arbitration panel concluded that all of the assertions made by the appellant were wrong. They found no evidence of fraud by the Del Monte entity, specifically rejecting the fraud claim. Yet on appeal, what is Improza arguing? That this court should vacate the arbitration award because it violates public policy to enforce a fraudulently induced contract. It's an argument based upon a delusion. They lost below. The arbitration panel found no fraud. So what are they left with? They're making these technical arguments on jurisdiction that are not founded in the law. This court has held that section 203 jurisdiction exists for a petition to vacate. Judge Walker, you led the way in 2006 in your Soleil opinion, specifically addressing whether petitions to vacate can be heard by a federal court and whether there's jurisdiction under section 203. And in the opinion you authored, you said yes. Scandinavian addresses it in detail and a host of other cases all say that it is. But if there were any lingering doubt, there's section 205 removal jurisdiction, and this court's most recent decision in the Odukumpo case handed down four months ago or five months ago by this court, which addressed what is the burden of a federal court after removal to determine whether there is jurisdiction in a convention governed case. And the test is quite simple. The Odukumpo court said you look at two, take two steps. The first is to determine whether the notice of removal describes an arbitration agreement or an arbitral award that may fall under the convention. Undeniably, this award fell under the New York convention. It was a non-domestic award involving two foreign entities involving interests that award. And the second step, the court must determine whether there's a non-frivolous basis to conclude that the arbitration agreement or the arbitration award relates to the case that had been filed in state court and which was removed. And clearly, there was a relationship because they were seeking to overturn to vacate the New York convention government arbitration award. Odukumpo forecloses any possibility that the district court did not have jurisdiction. It had jurisdiction under 203. It had jurisdiction under 205, which was adopted specifically by Congress to liberally permit removal of any case touching upon the convention. When the court analyzes chapter two, the implementing statutory provisions for the convention, the very first provision sets forth Congress's intention that all cases involving the convention shall be determined by U.S. federal courts, not state courts. This notion that they can go after a convention award is issued and run to state court and argue state law defenses, they've even withdrawn that. They acknowledge this is a federal issue. And the federal concerns, although maybe a chapter one arbitration award cannot necessarily be removed under the FAA, but convention awards are removable by express permission of Congress. So what we have here is a disappointed litigant who made tactical errors before the arbitration panel by not listing a witness to testify. And then when his letter is submitted to the arbitration panel and admitted over our objections, the arbitration panel hears the evidence and says, we're going to give this letter no weight. And they call that a due process violation. When they argue that the arbitration panel failed to enforce two restrictive covenants in the contract, they call that a due process violation. When all the arbitration panel did was enforce the express words of the non-compete, the prohibition against sales and the obligation to return vegetative material that grew and was derived from seeds that Domani had provided many years before. Lastly, I get to the statute of limitations issue, which I've raised. Section 12 of the FAA is the implementing provision that specifically says if you do not file a petition to vacate within three months and serve it within that time period, then you are barred, that you've missed your statute of limitations. That is the specific holding in Gonsalves. This court went further in Cullen and said, if you have failed to serve that petition timely under Section 12, Section 12 precludes you from even objecting to confirmation. And they were, Judge Moreno invoked both of those provisions. This court followed the Second Amendment and addressed that issue with regard to Section 12. One of the criticisms of the appellant with regard to the Cullen decision is that did not arise in a convention context, but obviously Gonsalves did, and Gonsalves construed Section 12, Cullen construed Section 12, and most recently in the district court in a case that we have not yet filed with the court by District Judge Robert Scola, addresses and notes why Section 12 applies to convention-governed cases. So in conclusion, it is readily apparent that this court had jurisdiction under 203 and under 205, and that the appellant offered no legitimate reasons to vacate an arbitration award that was What the PROTSA wants the court to do is to indulge their discomfort with the defeat, but that is not the purview of a federal court. The purview of a federal court is to assure that there was minimal standards of propriety by the arbitration panel, and nobody has suggested that this arbitration panel acted in any way inappropriately. It's simply disappointed expectations and results, and that is not a ground for reversal. If there are no questions, further questions from the court, we ask the court to affirm Judge Moreno's rulings in this regard. Thank you. Thank you. This is not an appeal about the merits of the case. It's an appeal about jurisdiction, an appeal about the abrogation of industrial risk, but this was not a unanimous arbitral decision. We immediately told the arbitration panel the decision needed to be corrected as pursuant to the procedure that the ICC sets forth, and they rejected that. They didn't even, they refused to consider it, and we filed a new case showing that their damage calculation was absolutely wrong under Florida law. They are exceeding their powers. We have never gotten the opportunity to argue before any court these chapter one grounds for vacatur that we are entitled to argue, but under this court and the Southern District's own decision of the law, including Peoples and Gaciosas, Gonzalez, Navarro, this case should have been dismissed as there was no jurisdiction at the time of removal for mere petition to vacate. That's just the fact, and that cannot be cured by manufacturing jurisdiction four days later by filing a cross-motion to compel, as Judge Huck in the in Gaciosas case found, finding that subsequent motion to confirm, quote, irrelevant and dismissing a petition to vacate because there was no jurisdiction. In any event, an arbitration is not intended to be a private federal court or exclusive star chamber. Although review is certainly limited, the federal and state judiciaries still play a role in ensuring procedural fairness and safeguards for arbitrations taking place in the United States. Those safeguards are enshrined in section 10 of the Federal Arbitration Act. It is not just, it doesn't say it's just a domestic act. It's the federal law and has been for over 70 years. They were intended by Congress and the convention to be available for parties seeking to vacate an award in the juridical seat of arbitration. And we ask this court to dismiss the case and remand it to state court for proper adjudication, or in the alternative, remand it to the district court so that we may present the grounds, the industrial risk. Thank you very much, counsel. Thank you both. This court will be in